**CARY P. GREISEN SB# 125173**
**GREISEN LAW CORPORATION**
**4120 DOUGLAS BLVD., #306-192**
**GRANITE BAY, CA 95746**
**Telephone No.: (916) 781-8338**

Attorney for **RAKESH VIJ**

## UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>**GAVIN GREGORY MEHL**<br>　　　　　　　　　　Debtor,<br>_____ | Bankruptcy Case No. 19-26296<br><br>DC No.  CPG-001<br><br>**POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM STAY BY RAKESH VIJ**<br><br>Local Rule 9014-1 (f) (2)<br><br>Date: October 22, 2019<br>Time: 1:30 p.m.<br>Courtroom: 33<br>Dept.: C |

　　　　RAKESH VIJ (hereinafter VIJ) submits the following memorandum of points and authorities in support of its motion for relief from the automatic stay.

### BACKGROUND AND FACTS

　　　　On March 12, 2019, VIJ purchased the property commonly known as 890 WEDGEWOOD COURT, WEST SACRAMENTO, CA 95605, YOLO COUNTY*;*  APN 014-730-013 (hereinafter Subject Property) at foreclosure sale. A Trustee's Deed was issued to VIJ

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM STAY BY RAKESH VIJ**

1

on March 20, 2019 and was recorded in the official records of Yolo County on March 25, 2019. (a true certified copy of the Trustee's Deed is filed herewith as **Exhibit 1**).

On April 29, 2019, following expiration of a notice to quit, served in accordance with state law to terminate any tenancy at the Subject Property, VIJ commenced an unlawful detainer action against Gavin Mehl the former owner of the Subject Property and a Casey Constantine, a tenant of the former owner. The unlawful detainer action is entitled Rakesh Vij v Gavin Mehl, et al, Yolo County Superior Court action UD19-879. Movant VIJ reached a resolution of the unlawful detainer action as against Casey Constantine who has vacated the Subject Property. On June 3, 2019 a purported Donovan Constantine filed a claim of right to possession and answer in the unlawful detainer action. Thereafter, a bankruptcy petition was purportedly filed by Donovan Constantine, Eastern District of California Bankruptcy #19-23900. Casey Constantine provided a declaration concerning the claim of possession of Donovan Constantine, which was filed in the unlawful detainer action and which makes it clear that there is no person named Donovan Constantine that occupied the property and that the claim of possession filing was fraudulent. Similarly, Movant contends that prior bankruptcy petition of Donovan Constantine, Eastern District of California Bankruptcy #19-23900 was a fraudulent filing and was filed in the name of a fabricated person with the intent to delay the unlawful detainer action.

The bankruptcy filing as to Donovan Constantine Eastern District of California Bankruptcy #19-23900 was filed on June 20, 2019, one day before a scheduled unlawful detainer trial, resulting in delay of the trial while Movant sought and obtained relief from stay in that case.

Similarly, Debtor herein, GAVIN MEHL filed his petition in the above entitled

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM STAY BY RAKESH VIJ**

**2**

Bankruptcy action on October 7, 2019 one day before a scheduled motion for Summary Judgment scheduled in the same unlawful detainer action, (and one week before the scheduled trial) with the clear intent to further delay the unlawful detainer action. Debtor herein, GAVIN MEHL has also filed two removals of the unlawful detainer action, Eastern District Case #s 2:19-cv-01686 and 2:19-cv-01003 to delay the unlawful detainer action.

As a result of said filing, certain acts and proceedings against debtor and the bankruptcy estate are stayed as provided in 11 U.S.C. §362.

Movant seeks relief pursuant to 11 U.S.C. §362(d)(1) and (2) for cause; and lack of equity and the fact that the Subject Property is not necessary for an effective reorganization. The Subject Property was purchased by VIJ at a foreclosure sale on March 12, 2019. Debtor herein, GAVIN MEHL has no ownership interest in the Subject Property, which is a single-family residential property. The Subject Property is not property of the estate.

The fair rental value of the property is $133.33 per day. Holdover damages continue to accrue at the rate of $133.33 per day per day as a result of VIJ's inability to obtain possession of the Subject Property.

**REQUEST FOR JUDICIAL NOTICE**

Pursuant to Rule 201 of the Federal Rules of Evidence, as made applicable by Rule 9017 of the Federal Rules of Bankruptcy Procedure, Movant requests that the court take judicial notice of:

1. The Trustee's Deed recorded in the official records of Yolo County on March 25, 2019 as Document 2019-0005722-00, a true copy of which is filed herewith as **Exhibit 1.**

2. Declaration of Casey Constantine filed in the unlawful detainer action entitled Rakesh

3. Vij v Gavin Mehl, et al, Yolo County Superior Court action UD19-879, a true copy of which is filed herewith as **Exhibit 2.**

4. The pleadings and records on file in Eastern District of California Bankruptcy #19-23900, In re Donovan Constantine

5. The pleadings and records on file in Unitied States District Court Eastern District of California #2:19-cv-01003; Vij v Mehl removed unlawful detainer action

6. The pleadings and records on file in Unitied States District Court Eastern District of California #2:19-cv-01686; Vij v Mehl removed unlawful detainer action

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. SECTION 362(d)(1) FOR CAUSE**

**11 U.S.C., Section 362(d) (1)** provides in pertinent part as follows:

" **(d)** On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
 **(1)** for cause, including the lack of adequate protection of an interest in property of such party in interest; or…"

Movant seeks relief pursuant to 11 U.S.C. Section 362(d)(1) for cause, as debtor has no ownership interest in the Subject Property, and is in possession of the Subject Property following purchase of the Subject Property by Movant at foreclosure sale. The Subject Property is not "property of the estate" and neither debtor nor the Trustee have any interest in the Subject Property. See *In re: Windmill Farms, Inc.* (9th Cir. Cal. 1988) 841 F2d 1467; *In re: Simth* (Bankr., C.D. Cal 1989) 105 B.R. 50. Debtor has no interest in the Subject Property due to the

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM STAY BY RAKESH VIJ**

**4**

pre-petition foreclosure of the property. Following expiration of a notice to quit, served in accordance with state law to terminate any tenancy at the Subject Property, VIJ commenced an unlawful detainer action against the debtor and another claimed occupant on April 29, 2019. Relief from stay proceedings are summary proceedings which address issues arising only under 11 U.S.C. Section 362(d) (*Johnson v. Righetti* (*In re Johnson*), 756 F.2d 738, 740 (9th Cir. 1985)).

### MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. SECTION 362(d)(2) FOR LACK OF EQUITY AND BECAUSE THE PROPERTY IS NOT NECESSARY FOR AN EFFECTIVE REORGANIZATION

**11 U.S.C., Section 362(d) (2)** provides in pertinent part as follows:

**(d)** On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay— …

…**(2)** with respect to a stay of an act against property under subsection (a) of this section, if—
**(A)** the debtor does not have an equity in such property; and
**(B)** such property is not necessary to an effective reorganization

In In re San ClementeL:states, 5 B.R. 605 (Bankr. S.D. Cal. 1980), the court stated that: § 362(d)(2) reflects congressional intent to allow creditors to immediately proceed against the property where the debtor has no equity and it is unnecessary to the reorganization, even where the debtor can provide adequate protection under § 362(d)( 1). (Emphasis added). As noted above, Debtor has no equity in the Subject Property by virtue of the pre petition foreclosure sale expiration of a notice to quit served in accordance with state law.  The Subject Property is a single family residential home and as such is not necessary for an effective reorganization.

**THE COURT SHOULD WAIVE THE 14 DAY STAY OF FED R. BANKR P. 4001(a)(3)**

The court should waive the 14 day stay of Fed.R.Bankr.P. 4001(a)(3) because the debtor is in possession of the Subject Property belonging to Movant and has the use of that property, has not paid any rent or any other payment to Movant and filed the above entitled bankruptcy action one day before a scheduled motion for summary judgment and one week before a scheduled trial to delay the proceedings while debtor holds possession of the Subject Property. In addition, the filing of the above entitled case follows the fraudulent filing of a fabricated person and two removals of the eviction action filed by Debtor herein, all to delay the efforts of Movant to obtain possession of the Subject Property.

WHEREFORE, moving party, requests to be relieved of all stays of the bankruptcy court, automatic or otherwise, to take any and all steps necessary or permitted in accordance with applicable state law to recover possession of the Subject Property, 890 WEDGEWOOD COURT, WEST SACRAMENTO, CA 95605, YOLO COUNTY*;* APN 014-730-013 including but not limited to prosecution of an unlawful detainer action entitled Rakesh Vij v Gavin Mehl, et al, Yolo County Superior Court action UD19-879 as allowed by state law. Movant also requests that the court waive the 14 day stay provided by Federal Rule of Bankruptcy Procedure 4001 (a) (3).

Dated: October 8, 2019          GREISEN LAW CORPORATION

                                       _____
                                       CARY P. GREISEN, Attorney for RAKESH VIJ